UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KORRY CORENLIUS                                                                                  Plaintiff

v.                                                                      Civil Action No. 3:24-cv-709-RGJ

KROGER LIMITED PARTNERSHIP I                                                      Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Korry Cornelius ("Cornelius") moves to remand. [DE 5]. Defendant Kroger Limited Partnership I ("Kroger") failed to respond and the time to do so has passed. This matter is ripe. For the following reasons, Cornelius's Motion to Remand [DE 5][1] is **GRANTED**.

## I.    BACKGROUND

Originally filed in Jefferson County Circuit Court, this case arises from a slip and fall inside the Kroger located at 2710 W. Broadway, Louisville, Kentucky. On July 9, 2024, Cornelius "slipped and fell on a slippery unknown substance" while inside the store. [DE 1-1 at 9]. As a result, Cornelius claims that he sustained "injuries to his body" and "suffer[ed] a great pain of body and mind (both past and future)." [*Id.*].

Kroger removed this case to federal court under diversity jurisdiction. [DE 1]. Kroger asserts federal jurisdiction is proper because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. [DE 1 at 2]. Kroger asserts that the amount in controversy exceeds $75,000 based on Cornelius's response to Kroger's request for admission. [DE 1-4 at 27]. Kroger requested Cornelius to admit "that he would not seek damages in excess of $75,000, exclusive of interest and costs at the trial of this matter[ ]."

---

[1] Cornelius filed two motions to remand [DE 5; DE 7]. However, the motions to remand are identical. Therefore, only DE 5 will be addressed, and DE 7 will be DENIED as moot.

[*Id.*]. Cornelius responded, stating "Plaintiff objects at this time because his damages are not yet know[n] as Plaintiff awaits medical records and therefore denies at this time." [*Id.*].

Cornelius now moves this court to remand. [DE 5; DE 7]. Cornelius asserts that "[t]here is no federal jurisdiction in this case[ ]" because the amount in controversy is less than the jurisdictional threshold. [DE 5 at 38]. In support of his motion, Cornelius also files an amended response to Kroger's first set of requests for admissions. [DE 5-1 at 40]. In his amended response, he admits that he will not seek damages in excess of $75,000, exclusive of interest and costs, at the trial of this matter. [*Id.*].

## II.   STANDARD

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The determination of federal jurisdiction in a diversity case should be made at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).

Generally, courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Because the plaintiff is "master of the claim," a claim explicitly less than the federal requirement will typically preclude removal. *Rogers*, 230 F.3d at 872 (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)). Two rules of Kentucky civil procedure complicate the question of proper removal to federal court regarding

the amount-in-controversy threshold. First, Kentucky's Rules of Civil Procedure prohibit a plaintiff from making a specific demand for damages in his or her complaint. Ky. R. Civ. P. 8.01(2). In such cases, "the defendant may assert the amount in controversy in the notice of removal." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, at *2 (W.D. Ky. Dec. 21, 2018). And the defendant must establish by a preponderance of the evidence that the amount-in-controversy exceeds $75,000 at the time of removal. *Id.* (citing *Rogers*, 230 F.3d at 872).

Second, Ky. R. Civ. P. 54.03 states "[e]xcept as to a party against whom a judgment is entered by default for want of appearance, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." This enables a plaintiff to claim in his complaint an amount lower than the federal amount-in-controversy threshold but still seek and recover damages exceeding the amount prayed for. *Rogers*, 230 F.3d at 871. In such situations, the removing defendant must show that it is "more likely than not" the plaintiff's claims meet the amount-in-controversy requirement at the time of removal. *Gafford*, 997 F.2d at 158.

### III.   ANALYSIS

The Sixth Circuit has held "that a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Rogers*, 230 F.3d at 872 (emphasis added); *see also Heyman v. Lincoln National Life Insurance Co.*, 781 Fed. App'x 463 (6th Cir. 2019). Courts in this District have noted that stipulations made by a plaintiff reducing the amount in controversy below the jurisdictional threshold after removal are generally disfavored because such stipulations would allow a plaintiff to defeat jurisdiction and "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v.*

*Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (internal quotation marks and citations omitted); *see also Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *1 (W.D. Ky. June 27, 2013).

Yet courts in this district have also recognized that "while a plaintiff may not *reduce or change* the demand by stipulation, they may *clarify* the amount at issue in the complaint." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571 (W.D. Ky. Dec. 21, 2018), at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002)) (emphasis in original). When, as in Kentucky, "a state prevents a plaintiff from pleading a specific amount of damages . . . and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, [the] district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such." *Agri-Power, Inc.*, 2013 WL 3280244, at *3 (citing *Proctor v. Swifty Oil Co.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012)) (emphasis in original); *see also Heckman v. Cabela's Wholesale, Inc.*, No. 3:17-CV-00512-JHM, 2017 WL 6544826, at *1 (W.D. Ky. Dec. 21, 2017); *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) ("When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded."(emphasis in original)); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009). Because Ky. R. Civ. P. 8.01 prevents a statement in the complaint, Plaintiffs have the right to make a post-removal stipulation to clarify, or re-assert that they will not seek or accept an award greater than an amount. *Agri-Power*, 2013 WL 3280244, at *1.

Here, when originally asked to admit whether or not he seeks more than the jurisdictional threshold, Cornelius stated "Plaintiff objects at this time because his damages are not yet know[n]

as Plaintiff awaits medical records and therefore denies at this time." [DE 1-4 at 27]. However, a refusal to stipulate below the jurisdictional minimum cannot satisfy the removal burden alone. *See, e.g.*, *Lobley v. Guebert*, No. 5:16-CV-202-TBR, 2017 WL 1091796, at *1 (W.D. Ky. Mar. 22, 2017) (holding that a response refusing to admit or deny that the amount in controversy exceeded the jurisdictional minimum, standing alone, was insufficient); *Stratton v. Konecranes, Inc.*, No. 5:10-CV-66-KSF, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010) ("A refusal to stipulate, by itself, would not justify removal[.]"); *Davis v. BASF Corp.*, No. 03-CV-40198, 2003 WL 23018906, at *2 (E.D. Mich. Nov. 24, 2003) ("[I]f a defendant asks a plaintiff to stipulate that the damages are below the jurisdictional amount [and] if the plaintiff refuses to stipulate, the case cannot be removed based solely on this refusal." (citation omitted)).

As Kroger is the removing party, it has the burden to prove that the jurisdictional threshold has been met. *See Wilson*, 257 U.S. at 97. Although Cornelius refused to admit that his claims would not exceed $75,000 in response to requests for admission, this alone is insufficient evidence to sustain removal. *Lobley*, 2017 WL 1091796, at *1. And Kroger has failed to respond to Cornelius's motion to remand and amended stipulation that he will not seek damages in excess of $75,000. [DE 5-1 at 40]. Outside of the fact that Cornelius did not originally admit that his claims would not exceed $75,000, Kroger has failed to provide any additional evidence to support removal. Because Kroger has failed to respond to Cornelius's motion and amended stipulation, it has failed to prove by a preponderance of the evidence that Cornelius seeks more than $75,000. Accordingly, Cornelius's Motion to Remand [DE 5] is **GRANTED**.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Cornelius's Motion to Remand [DE 5]is **GRANTED**.

2) Cornelius's Motion to Remand [DE 7] is **DENIED as moot**.

3) The case is **REMANDED** to Jefferson Circuit Court.

March 3, 2025

*Rebecca Grady Jennings, District Judge*
*United States District Court*

cc: Jefferson Circuit Court, Case No. 24-CI-007585